█ In the Matter of the Claim of CECILLE ZAPLIN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Per Curiam. Appeal from a decision of the Unemployment Insurance Appeal Board which held claimant ineligible for benefits on the ground that she was unavailable for employment. Claimant was the president and sole stockholder of the employer, which was engaged in the retail haberdashery business. Upon the sale of that business claimant agreed not to engage in the same or a similar business for five years. In seeking employment, she first endeavored to find work as a receptionist at $150 per week — the same salary she had been earning as manager of the haberdashery business — although she had none of the office skills necessary to a receptionist's job. She thereafter lowered her salary demand to $125 and sought a position in "showroom sales". She failed to list her job interviews after being instructed so to do; she testified that she did not follow newspaper want ads because the jobs she sought were "not jobs that you could pick out of a newspaper" but came through personal recommendations. Rather clearly, claimant imposed substantial restrictions, monetary and otherwise, on the employment she would accept, additional to the restrictions expressed in the covenant she had entered into on the sale of her business. Upon the entire record, we are unable to account as less than substantial the evidence supportive of the board's findings that: "The credible evidence indicates that claimant's

search for employment was token in nature and designed solely to qualify her for benefits. Claimant has failed to demonstrate a genuine attachment to the labor market." Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.